**UNITED STATES of America,
Plaintiff,**

v.

**W.R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.**

**CR No. 05–07–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Sept. 6, 2006.

Kris A. McLean, Office of the U.S. Attorney, Missoula, MT, William W. Mercer, Office of the U.S. Attorney, Billings, MT, Thomas L. Sansonetti, David M. Uhlmann, U.S. Department of Justice, Washington, DC, for Plaintiff.

Angelo J. Calfo, Harold Malkin, Michelle K. Peterson, Yarmuth Wilsdon Calfo, Seattle, WA, Michael F. Bailey, Bailey & Antenor, William Adam Duerk, Michael J. Milodragovich, Milodragovich Dale Steinbrenner & Binney, Missoula, MT, David S. Krakoff, Gary A. Winters, James T. Parkinson, Mark Holscher, Mayer Brown Rowe Maw LLP, Washington, DC, Ronald F. Waterman, Gough Shanahan Johnson & Waterman, Palmer A. Hoovestal, Hoovestal Law Firm, Helena, MT, Jeremy Maltby, O'Melveny & Myers, Los Angeles, CA, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, Aimee M. Grmoljez, Catherine A. Laughner, Browning Kaleczyc Berry & Hoven, Helena, MT, Thomas C. Frongillo, Weil Gotshal & Manges, Boston, MA, Brian K. Gallik, Goetz Gallik & Baldwin, Bozeman, MT, C.J. Johnson, Kalkstein Law Firm, Missoula, MT, Stephen A. Jonas, Wilmer Cutler Pickering Hale & Dorr, Boston, MA, Stephen A. Klein, Spriggs & Hollingsworth, Stephen R. Spivack, Bradley Arant Rose & White, Washington, DC, David E. Roth, Bradley Arant Rose & White LLP, Birmingham, AL, for Defendants.

## ORDER

### I. Introduction and Factual Background

The Defendants Robert C. Walsh, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, and O. Mario Favorito have pending a motion in limine to exclude statements made by one or more of them while testifying at earlier civil trials and depositions. Count I of the Superseding Indictment charges the Defendants and W.R. Grace in a conspiracy alleged to have occurred between 1976 and 2002, the essence of which is an agreement to conceal from the federal government the nature and extent of asbestos contamination caused by Grace's vermiculite mining operation in Libby. Sometime between 1983 and continuing up through the year 2000, three of the individual Defendants gave various depositions in civil litigation. The testimony was given in conjunction with civil lawsuits brought by individuals seeking to recover damages for injuries allegedly caused by asbestos exposure. In all of the civil depositions and at the civil trial, the testifying witness, who is now a Defendant in this case, denied any wrongdoing and gave testimony favorable to the legal position taken by W.R. Grace.

The pending motion in limine seeks to keep the government from referring to or utilizing the civil deposition transcripts and trial transcripts as testimony in this criminal case. The Defendants argue that the presentation of transcribed testimony from other trials or depositions violates their right to confrontation under the Sixth Amendment as analyzed by the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

## II. Discussion

The Sixth Amendment of the United States Constitution "does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts." *Crawford*, 541 U.S. at 54, 124 S.Ct. 1354. Indeed, the Supreme Court noted in the *Crawford* decision that the framers of the Constitution would not have allowed testimonial statements of any witness who did not appear at trial. The only recognized exception to the common law confrontation rule was if the witness was unavailable and if the defendant standing trial had been given an opportunity for prior cross-examination of the witness. Ultimately, the Court determined that "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 68–69, 124 S.Ct. 1354.

On the other hand, where non-testimonial hearsay is at issue, the Supreme Court found the framers' design afforded flexibility for the development of hearsay exceptions and such an approach would be exempted from confrontation clause scrutiny altogether. *Id.* at 68, 124 S.Ct. 1354. Here the question is whether that flexibility encompasses sworn testimony from prior unrelated civil proceedings.

## A. The Defendants' position

The Defendants argue that the deposition and trial testimony transcripts the government intends to use are clearly testimonial in nature.[1] They note that under *Crawford*, while the court declined to offer a precise definition of "testimonial," it noted that at a minimum the term applied to "prior testimony at a preliminary hearing, before a Grand Jury, or at a former trial; and to police interrogations." 541 U.S. at 68, 124 S.Ct. 1354. Defendants also argue that each of the core requirements to establish proffered evidence as "testimonial" is met in this case by the deposition or trial testimony the government seeks to offer. They argue that those core requirements expressly or implicitly include deposition testimony. The argument is premised on the notion that the formalized expression of the testimony under oath is unlike "non-testimonial" statements or casual remarks because the purpose of the testimony is for future use at trial. When such a circumstance prevails, the transcripts are, *ipsissima verba*, "testimonial" and can be nothing less.

## B. The Government's position

The government argues on the other hand that there are two purposes for admitting either the prior civil depositions or the trial testimony. The government takes the position that admitting a non-testifying defendant's prior civil depositions or civil trial statements against a co-defendant does not violate the co-defendant's confrontation clause because the statements are not the type of "testimonial statements" made to or procured by the government and therefore are not inadmissible under *Crawford*.

---

1. The prior testimony evidence includes prior deposition testimony by Henry A. Eschenbach (Government Transcript Ex. 722, 723, 724, 727, 731); Alan Stringer (Trial Ex. 726, 732, 733); William J. McCaig (Trial Ex. 728, 729); and prior trial testimony of Henry A. Eschenbach (Trial Ex. 730). Despite an order to specifically designate what portions of the exhibits the government intends to offer, the Court is left with 1,400 pages of transcript and no specific designation of what might be offered. Consequently, for purposes of this Order, there is an assumption the government intends to put forth the transcript as marked as an exhibit to be used as testimonial evidence in the case.

The second prong of the government's argument is that even assuming that the deposition and trial testimony is "testimonial" within the meaning of *Crawford,* the testimony is not barred as testimonial hearsay because it contains the statements of co-conspirators made during and in furtherance of the conspiracy.

The final prong of the government's argument is that there are no procedural problems created through the admission of either the deposition testimony or the trial testimony because admitting them in a multi-defendant trial does not violate confrontation clause strictures as set forth in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**C. Analysis**

The precise definition of "testimonial" is unsettled. *See United States v. Cromer,* 389 F.3d 662, 671–672 (6th Cir.2004)(noting that the "the *Crawford* court did not provide a comprehensive definition of 'testimonial' "). The Ninth Circuit recently addressed the issue in *United States v. Hagege,* 437 F.3d 943 (9th Cir.2006), holding that admission of foreign records under 18 U.S.C. § 3505 did not violate the defendant's right to confrontation under *Crawford.* The Circuit noted that the application of *Crawford* revolves around the simple proposition that the "only indicium of reliability sufficient to satisfy constitutional demands is confrontation itself." *Hagege,* 437 F.3d at 957 (citing *Crawford,* 541 U.S. at 68–69, 124 S.Ct. 1354). On the other hand, the Ninth Circuit has held that the statements of co-conspirators do not have to meet the test of *Crawford* and that business records are outside the purview of the testimonial requirement of *Crawford. See United States v. Allen* 425 F.3d 1231, 1234 (9th Cir.2005) ("However, co-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding.").

■ The government's position that the prior sworn statements contained in the transcripts are not "testimonial" holds no water. Trial or deposition transcripts fall squarely within the core definition of what is testimony and the Constitution prohibits their use if the witness is unavailable and the defendant had no prior opportunity to confront or cross-examine the witness. The principle of *Crawford* holds that the government can not rely on a witness' testimony without calling him or her at trial. This rule is not altered or qualified by an inference that only statements to law enforcement officers are precluded as "testimonial." Nor is there an exception to the confrontation rule where the testimony was not given during the course of the criminal process. It is the use of the testimony without confrontation that raises the constitutional hurdle, not to whom or why the testimony was given. What escapes the *Crawford* rule is evidence that can not talk back such as a business record or an ancient document. With such evidence, cross-examination does not function as the testing crucible. But where witness testimony is presented, a criminal defendant must be afforded the opportunity to cross-examine.

■ The difficulty in this case is in the argument that the statements at issue are statements in furtherance of a conspiracy. Co-conspirator statements are ordinarily matters like casual comments or conversation that takes place outside of the formality of an oath of a reporter, and of anticipation that it will be used in litigation. *See Crawford,* 541 U.S. at 56, 124 S.Ct. 1354 (describing "statements in furtherance of a conspiracy" as "statements that by their nature [are] not testimonial"). Here the government seeks to turn sworn testimony into statements in furtherance of a conspiracy so that it can do what the Constitution prohibits: call a defendant as a wit-

ness to testify when he or she is not subject to cross examination. When a company such as W.R. Grace is sued and must defend itself in civil litigation, testimony given by its managers in support of that defense can not be transformed into a co-conspirator's statement simply by virtue of a criminal theory or allegation. The Constitution will not permit such a course of proof. Nor does the fact that the statements were not made to police officers distinguish the elemental proposition that if the state is to prove criminal conduct, the defendant has a right to confront and through the crucible of cross-examination, test the government's evidence.

The critical distinction does not rest upon a factual determination of the status of the person to whom the statement is made. Rather, the critical distinction is whether or not the testimony was subject to the defendant's cross-examination before the witness became unavailable. In this case, it seems that the government intends to take sworn testimonial evidence from depositions and prior trial and then massage it in such a way that it can be characterized as part of a conspiracy. This is a stretch that the Constitution will not allow.

### III. Order

Sworn deposition and trial testimony is testimonial in nature regardless of the venue. The government cannot turn prior sworn testimony into co-conspirator statements through creative theories of prosecution. Each of the transcripts involved here consists of statements given under oath. None of the Defendants now standing trial had the right to be present and to cross-examine the witness at these prior proceedings. Under the Sixth Amendment and *Crawford*, the government is prohibited from using at a criminal trial any prior testimonial evidence, unless the witness testifies at trial, in which case he is subject to cross-examination by the preju-

diced or potentially prejudiced defendant. In such circumstances, the government would not be prohibited from using the transcript for any purpose authorized by the Federal Rules of Evidence. It is not a question of whether or not the statements are reliable. Rather it is a procedural guarantee that commands that if the government intends to prove guilt, it must do so in a manner that allows the defendant to see the accuser, to confront the accuser, and to test the accuser's testimony "in the crucible of cross-examination." *Crawford*, 541 U.S. at 61, 124 S.Ct. 1354. "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes." *Id.* at 62, 124 S.Ct. 1354.

Therefore, IT IS ORDERED that individual Defendants' Motion in Limine to Exclude Deposition and Trial Transcripts as marked by the government as Trial Exhibits 722, 723, 724 and 726–733 (Doc. No. 482) is GRANTED as set forth above.